**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 19, 2009

Charles R. Fulbruge III
Clerk

No. 08-50164
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

GERARDO FELIPE ORTIZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1153-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gerardo Felipe Ortiz appeals his conviction for assaulting a federal agent with a deadly weapon, a pickup truck. Testimony established that Ortiz attempted to run over a Border Patrol agent who was making an investigatory stop in a store parking lot. Ortiz contends that the district court abused its discretion by refusing to instruct the jury that he could not be convicted if there were a reasonable doubt that he believed in good faith that he was being assaulted by private persons.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court "is afforded substantial latitude in formulating [its] instructions." *United States v. Rochester*, 898 F.2d 971, 978 (5th Cir. 1990). A refusal to give a requested instruction on a good faith defense "is not fatal when the jury is given a detailed instruction on specific intent and the defendant had the opportunity to argue good faith to the jury." *Id.*

The district court instructed the jury that it could not convict Ortiz unless the Government proved that he committed the act "knowingly" and not "because of mistake or accident, or other innocent reason." This instruction adequately protected Ortiz by conveying the concept of a good faith defense to the jury. *See United States v. St. Gelais*, 952 F.2d 90, 93-94 (5th Cir. 1992). Further, Ortiz was allowed to argue to the jury that he had reason to believe that the agents were robbers. This further put the concept of good faith adequately before the jury. *See id.* at 94. In addition, the only evidence of good faith offered by Ortiz was an FBI agent's testimony on cross-examination that Ortiz told the agent the day after the incident that he fled because he thought he was being robbed. This was contrary to a considerable amount of testimony that the agents clearly identified themselves.

The district court did not abuse its discretion by refusing to give a specific good faith instruction. *See id.* The judgment of the district court is AFFIRMED.